UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARA PEARSALL-DINEEN, individually and on behalf of all other similarly situated individuals, | Case No. |
| Plaintiffs, | **COMPLAINT** |
| v. | **(JURY TRIAL DEMANDED)** |
| Freedom Mortgage Corporation, | |
| Defendant. | |

Plaintiff Lara Pearsall-Dineen (8 Kenliworth Ln, Aliso Viejo, CA 92656) on behalf of herself and all others similarly situated, through her attorneys, brings this action against Freedom Mortgage Corporation (907 Pleasant Valley Avenue, Suite 3, Mount Laurel, NJ 08054) ("Defendant"), for damages and other relief relating to violations of the Fair Labor Standards Act.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Venue is proper in the United States District Court, District of New Jersey pursuant to 28 U.S.C. § 1391 because Defendant resides in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

3. Defendant Freedom Mortgage Corporation ("Freedom Mortgage") is a New

Jersey corporation with its corporate headquarters located in Mount Laurel, New Jersey.

4. According to its website, Freedom Mortgage is a privately held, full-service residential mortgage lender and originator licensed in all 50 states in the United States.

5. Freedom Mortgage provides loans for purchases and refinances, Veterans Administration ("VA"), Federal Housing Administration ("FHA") and conventional loans, home equity loans, construction and home renovation loans, and other loan products throughout the United States.

6. Upon information and belief, Freedom Mortgage employs some mortgage underwriters in physical office locations and also permits some employees to work on a remote basis from their residences.

7. At all relevevant times, Freedom Mortgage has been an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d). Specifically, Defendant provides full-service lending to borrowers in all fifty (50) states across the country. Upon information and belief, Freedom Mortgage's gross annual sales made or business done have been in excess of $500,000.00 at all relevant times.

8. Plaintiff Lara Pearsall-Dineen is an adult resident of the State of California. Plaintiff was employed by Defendant as a mortgage underwriter from approximately December 2012 to August 2013.

9. During her employment with Freedom Mortgage, Plaintiff Persall-Dineen worked remotely from her residence.

10. At all relevant times, Plaintiff Persall-Dineen was Defendant's employee within the meaning of the FLSA, 29 U.S.C. § 203.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

11. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals worked as mortgage underwriters (or in other positions with similar job titles or job duties) for Defendant. The proposed collective class under the FLSA is defined as follows:

> All persons who worked as mortgage underwriters (or in other positions with similar job titles or job duties) for Defendant at any time during the last three years prior to the filing of this Complaint through the entry of judgment (the "FLSA Collective").

12. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as **Exhibit A**. In addition, to date, five other individuals have consented in writing to be a part of this action. Their consent forms are attached as **Exhibit B**. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

13. As mortgage underwriters, Plaintiff and the FLSA Collective are or were employed by Defendant within the meaning of the FLSA.

14. Plaintiff and the FLSA Collective were hourly-paid, non-exempt, employees eligible for overtime pay within the meaning of the FLSA.

15. Plaintiff and the FLSA Collective routinely worked over forty (40) hours in a workweek and were not properly compensated by Defendant for the overtime hours they worked.

16. Defendant imposed production requirements that, if not met, could subject Plaintiff and the FLSA Collective to disciplinary action or lead to termination. As a result, Plaintiff and the FLSA Collective would regularly work over forty (40) hours each workweek to meet these production requirements.

17.     Upon information and belief, Defendant suffered and permitted Plaintiff and the FLSA Collective to work more than forty (40) hours per week without receiving proper overtime compensation for all of their hours worked.

18.     Defendant required Plaintiff and the FLSA Collective to record their hours worked in an electronic time-keeping system. Defendant operated under a common policy and/or practice of requiring Plaintiff and the FLSA Collective to work overtime hours. However, the overtime hours recorded in the electronic time-keeping system do not accurately reflect all of the hours Plaintiff and the FLSA Collective worked.

19.     Defendant knew, or should have know, that Plaintiff and the FLSA Collective worked unpaid overtime hours.

20.     For example, Defendant modified and altered Plaintiff's and other mortgage underwriters' time records to reflect no or reduced overtime even though Defendant suffered and permitted Plaintiff and the FLSA collective to work overtime hours.

21.     Defendant also instructed Plaintiff and the FLSA Collective to underreport their actual hours worked, which resulted in Plaintiff and the FLSA Collective not being paid for all of their overtime hours worked.

22.     Plaintiff's supervisors acknowledged in emails and on weekly teleconference calls that Plaintiff and other mortgage underwriters worked overtime hours, but refused to approve all the overtime hours that Plaintiff and other mortgage underwriters already worked.

23.     Defendant's unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the FLSA Collective.

24.     Defendant's conduct is willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

25. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

26. Notice of this action should be sent to all similarly situated mortgage underwriters. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate overtime compensation in violation of the FLSA and who would benefit from the issuance of a Court-supervised notice of this lawsuit by providing an opportunity to join it. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CAUSE OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(on behalf of Plaintiff and the FLSA Collective)**

27. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

28. The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

29. Plaintiff and the FLSA Collective are non-exempt employees entitled to FLSA overtime compensation for all hours worked in excess of forty (40).

30. Defendant failed to accurately record actual hours worked by Plaintiff and the FLSA Collective.

31. Plaintiff and the FLSA Collective work(ed) in excess of forty (40) hours per week, but did not receive the appropriate overtime compensation from Defendant.

32. By failing to pay proper overtime compensation, Defendant violated the FLSA.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

34. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and those similarly situated have suffered and will continue to suffer a loss of income and other damages. Plaintiff and those similarly situated are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for relief as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment against Defendant for violation of the overtime provisions of the FLSA;

C. Judgment that Defendant's violations as described above were willful;

D. Judgement that Defendant failed to maintain accurate time records of all the hours worked by Plaintiffs in violation of the FLSA;

E. An award in an amount equal to Plaintiff's and those similarly situated's unpaid back wages at the applicable overtime rate;

F. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

G. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

  H. An award of prejudgment interest to the extent liquidated damages are not awarded;

  I. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

  J. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the FLSA Collective demand a trial by jury.

Dated: November 12, 2013  **SCHALL & BARASCH, LLC**

  s/Patricia A. Barasch
Patricia A. Barasch, NJ Bar No. 0055480
Moorestown Office Center
110 Marter Avenue, Suite 302
Moorestown, NJ  08057
Telephone: (856) 914-9200
Facsimile:: (856) 914-9420
Email: pbarasch@schallandbarasch.com

**NICHOLS KASTER, PLLP**
Rachhana T. Srey, MN Bar No. 340133*
Reena I. Desai, MN Bar No. 0388311*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
Email: srey@nka.com
  rdesai@nka.com

*pro hac vice admission forthcoming*

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE FLSA COLLECTIVE CLASS**

7