UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARA PEARSALL-DINEEN, individually and on behalf of all similarly situated individuals,<br><br>          Plaintiff,<br><br>     v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>          Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 13-6836<br>             (JEI/JS)<br><br>**ORDER GRANTING CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION & APPROVING NOTICE** |

**APPEARANCES:**

NICHOLS KASTER, PLLP
By:  Rachhana T. Srey, Esq.
     Reena I. Desai, Esq.
4600 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402

and

SCHALL & BARASCH, LLC
By:  Patricia A. Barasch, Esq.
Moorestown Office Center
110 Marter Avenue
Suite 302
Moorestown, New Jersey 08057
     Counsel for Plaintiff

KLUGER HEALEY, LLC
By:  William H. Healey, Esq.
     Phillip G. Ray, Esq.
219 Broad Street
Red Bank, New Jersey 07701
     Counsel for Defendant

1

**Irenas**, Senior District Judge:

This matter having appeared before the Court upon Plaintiff Lara Pearsall-Dineen's Motion for Conditional Class Certification (Docket #36); having reviewed the submissions of the Plaintiff and Defendant Freedom Mortgage Corporation; having heard oral argument on June 24, 2014; and for the reasons set forth in an Opinion on even date herewith; and for good cause appearing:

**IT IS** on this 25th day of June, 2014,

**ORDERED THAT:**

1. Plaintiff Lara Pearsall-Dineen's Motion for Conditional Class Certification (Docket #36) is **GRANTED**;

2. The conditional certification of the FLSA collective action shall define the collective action as: "All persons who worked as mortgage underwriters (or in other positions with similar job titles or job duties) for Freedom Mortgage Corporation at any time during the last three years prior to the filing of the Complaint in this action on November 12, 2013, through the entry of Judgment."

3. Within ten days, Defendant Freedom Mortgage Corporation shall provide the Plaintiff with a list of members of the

2

collective action class, including each employee's full name, last known address, last known personal email address (for former employees), employee identification number, and dates of employment.  In the event that notice to a putative class member is returned by the United States Postal Service as undeliverable, Plaintiff's counsel may notify Defendant's counsel, and Defendant's counsel shall have three days to provide Plaintiff's counsel with the putative class member's date of birth to verify that individual's present address for the purpose of attempting delivery of the FLSA collective action notice;

4. Plaintiff's proposed FLSA collective action notice form is hereby **APPROVED subject to the following amendment**. The sentence that currently reads: "If you choose not to join in this action, or file your own action, some or all of your potential claims may later be barred by the statute of limitations."  The amended sentence shall read: "Your decision not to join this case will not affect your right to bring a similar case on your own at a future time.  However, claims under FLSA must be brought within two years of the date that the claim accrues, unless the employer's violation of the law was

   'willful,' in which case the maximum statute of limitations of three years applies;"

5. Plaintiff's proposed conditions of notice are hereby **GRANTED.** These conditions include the following: (1) a sixty-day notice period; (2) Plaintiff mails notice by first-class U.S. Mail to the last known address of all eligible class members; (3) Plaintiff emails notice to the last known personal email address of all former eligible underwriters; and (4) Plaintiff mails a second notice halfway through the notice period to all eligible underwriters who have not yet joined in the action.

s/ Joseph E. Irenas  
**JOSEPH E. IRENAS, S.U.S.D.J.**
